563 So.2d 83 (1990)
INQUIRY CONCERNING a JUDGE, re Ana-Maria CARNESOLTAS.
No. 75204.
Supreme Court of Florida.
June 21, 1990.
Klein Wigginton, Chairman, Roy T. Rhodes, General Counsel, Tallahassee, and Terrance A. Bostic, Special Counsel of Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, for Florida Judicial Qualifications Com'n, petitioner.
Samuel J. Smargon and Robyn C. Mitchell of Adorno & Zeder, P.A., Miami, for respondent.
PER CURIAM.
This proceeding is before the Court for review and disposition of a recommended action of the Judicial Qualifications Commission.
The Judicial Qualifications Commission served a notice of formal charges upon Ana-Maria Carnesoltas, a judge of the County Court of Dade County. The allegations of the notice read as follows:
1. On or about October 19, 1988, while appearing as counsel in the case of United States v. Nolan, Case No. 86-6122-CR, you used obscene language with respect to United States District Judge William J. Zloch. Further, on the same date and in the same case, without a factual basis, you falsely accused Judge Zloch of having personal animosity towards you. Attached hereto as Exhibit A and incorporated herein as a part of this Notice of Formal Charges is a copy of the order entered by United States District Judge Jose Gonzalez in the contempt proceeding which resulted from your aforesaid conduct.
2. On or about June 3, 1987, while appearing as counsel in the case of Espinosa v. Espinosa, Case No. 83-14882 FC (17), you did engage in emotional outburst and make threats towards opposing counsel during a deposition. Attached hereto as Exhibit B and incorporated herein as a part of this Notice of Formal Charges are copies of the applicable pages of the transcript of the deposition.
3. On or about April 18, 1989, while presiding in the case of State v. Romano, Case Nos. 926021J, 926031J and 926041J, Traffic Division in the County Court in and for Dade County, Florida, you did use the power of your judicial office to demean, ridicule and personally humiliate an attorney, who previously opposed you in a case, by ordering the attorney removed from the courtroom, and, to the detriment of the defendant, did continue to act as a judge in the matter after having granted the defendant's Motion for Recusal. Attached hereto as Exhibit C and incorporated herein as a part of this Notice of Formal Charges is a copy of the transcript of the proceeding.
The aforesaid conduct, if true, is in violation of the following provisions of *84 the Code of Judicial Conduct and rules of Professional Conduct of the Florida Bar.

Canon 1: A JUDGE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY.
An independent and honorable judiciary is indispensible to justice in our society. A judge should participate in establishing, maintaining and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this code should be construed and applied to further that objective.

Canon 2: A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL HIS ACTIVITIES.
A. A judge should respect and comply with the law and should always conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge should not allow his personal relationships to influence his judicial conduct or judgment.

Canon 3: A JUDGE SHOULD PERFORM THE DUTIES OF HIS OFFICE IMPARTIALLY AND DILIGENTLY.
The judicial duties of a judge take precedence over all of his other activities. His judicial duties include all of the duties of his office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities.

(3) A judge should be patient, dignified and courteous to all litigants, jurors, witnesses, lawyers and others with whom he deals in his official capacity, and should require similar conduct of lawyers, and his staff, court officials, and others subject to his direction and control.

Rule 4-3.5: IMPARTIALITY AND DECORUM OF THE TRIBUNAL.
A lawyer shall not engage in conduct intended to disrupt a tribunal.

Rule 4-8.2: JUDICIAL AND LEGAL OFFICERS.
A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, a judicatory officer or public legal officer or of a candidate for election or appointment to judicial or legal office.

Rule 4-8.4: MISCONDUCT
A lawyer shall not:
(a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.
(d) Engage in conduct that is prejudicial to the administration of justice.
Your conduct, as described above, if true, could impair the confidence of the citizens of this State and the integrity of the judicial system and could constitute a violation of Canons 1, 2, and 3 of the Code of Judicial Conduct and the above described provisions of the Rules of Professional Conduct.
WHEREFORE, your conduct as set forth in the above allegations could constitute conduct unbecoming a member of the judiciary and could demonstrate your present unfitness to hold the office of judge and/or could warrant discipline.
Judge Carnesoltas filed an answer and other pleadings. The Commission and Judge Carnesoltas have now filed a stipulation as to the facts and the recommendation of the Commission on the matter of the disciplinary action to be taken. The stipulation and recommendation read as follows:
STIPULATION
The Florida Judicial Qualifications Commission (the "Commission") and the Honorable Ana-Maria Carnesoltas do hereby stipulate, for the purposes of this inquiry, that: (i) Judge Carnesoltas does not contest the matters set forth in the Notice of Formal Charges (the "Notice") instituting this inquiry; (ii) with regard to the statement made by Judge Carnesoltas to Judge Zloch regarding his personal animosity toward her, the suggestion by Judge Carnesoltas that Judge *85 Zloch had an improper ulterior motive in the form of personal animosity toward her without offering some factual basis for such an accusation was misbehavior, especially when made by an officer of the court; (iii) Judge Carnesoltas does not contest the recommendation of the Commission as set forth below; and (iv) the Commission and Judge Carnesoltas waive oral argument. This stipulation constitutes the final pleading in this case by Judge Carnesoltas.
RECOMMENDATION
After a full and deliberate consideration of the charges set forth in the Notice, the Commission, by a vote of at least nine members, recommends to the Supreme Court of Florida that Judge Ana-Maria Carnesoltas be publicly reprimanded for her conduct as specified in the Notice.
We approve the stipulation and recommendation and, accordingly, we hereby reprimand Judge Ana-Maria Carnesoltas for conduct unbecoming a judicial officer.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.
KOGAN, J., recused.